UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BARRY WAYNE ADAMS,

    Petitioner,
            Case No. 1:17-cv-858

v.
            Honorable Robert J. Jonker

UNKNOWN PARTY,

    Respondent.
_____/

## OPINION

  This is a habeas corpus action under 28 U.S.C. § 2241. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES;[1] *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because the Court lacks jurisdiction to consider it.

---

[1] The Rules Governing 2254 Cases apply to petitions under § 2241. Rule 1(b) of the Rules Governing 2254 Cases.

**Discussion**

I.    Background

Petitioner Barry Wayne Adams was a state prisoner incarcerated by the Michigan Department of Corrections for failure to pay child support. He was released on February 28, 2015. (Pet., ECF No. 1, PageID.1.) At present, he resides in Marshall, Michigan. In his petition, he asserts that he is subject to "imminent detention" under the "fraudulent pretext" of failure to pay child support. (*Id.*) He asserts that the Calhoun County Friend of the Court has sent him several documents falsely claiming that he owes child support. One of those documents, which he received on September 21, 2017, indicates that a warrant will be issued for his arrest. He claims that state officials are harassing and retaliating against him because he filed a lawsuit against them in federal court, *Adams v. Calhoun County*, No. 1:16-cv-678 (W.D. Mich.). He also asserts that the state's attempt to recover a debt from him violates his rights under the Thirteenth Amendment and various federal statutes.

As relief, he requests an injunction preventing various state and municipal agencies, including the 37th Circuit Court, Calhoun County, and the Calhoun County Friend of the Court, from enforcing the alleged debt obligation and attempting to have him imprisoned. In addition, he asks that the Michigan Department of Attorney General be notified of "the violations of various federal criminal statutes" identified in his petition. (Pet., PageID.4.)

II.    Analysis

The habeas statute requires that, at the time a petitioner files his habeas application with the district court, he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3); *see Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) ("We have interpreted the statutory language as requiring that the habeas petitioner be "in custody" under the

conviction or sentence under attack at the time his petition is filed."). The custody requirement is a jurisdictional one; if a petitioner is not "in custody" at the time that the petition is filed, the Court lacks jurisdiction to consider it. *Id.* Petitioner does not meet this requirement. He is not in custody.

Custody does not necessarily require physical confinement. *Id.* at 491. For instance, a prisoner released on parole is "in custody" for the sentence requiring the parole, and can use a habeas corpus petition to challenge that sentence. *Id.* In this case, however, Petitioner does not contend that he is on parole. Moreover, he has not identified a custodian to respond to his petition. *See Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) (noting that "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody"). Instead of seeking relief from custody, Petitioner seeks an injunction to avoid the possibility of future confinement. In effect, he seeks to prevent the state from prosecuting him for failure to pay child support. But because he is not presently "in custody," relief under § 2241 is not available to him.

Moreover, the doctrine of comity requires that federal courts abstain from considering challenges to state criminal proceedings under 28 U.S.C. § 2241, unless and until the petitioner has exhausted available state remedies. *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Petitioner has presented no evidence that he exhausted his available state court remedies as to any future prosecution by the State of Michigan. The district court can and must raise the exhaustion issue *sua sponte* when it appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir.1987). Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994). He has not met this burden. Thus, for all the foregoing reasons, the Court cannot grant him relief under 28 U.S.C. § 2241.

Although Petitioner alleges that his constitutional rights have been, or will be, violated, the Court declines to construe Petitioner's habeas application as a civil rights action under 42 U.S.C. § 1983. *See Martin v. Overton*, 391 F.3d 710, 714 (2004) (reversing district court's construction of a § 2241 petition as a civil rights suit under 42 U.S.C. § 1983 because "liberal construction does not require a court to conjure allegations on a litigant's behalf") (citing *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)). Indeed, Petitioner has already filed an action under § 1983 raising a similar claim, and that action is still pending. *See Adams v. Calhoun County*, No. 1:16-cv-678 (W.D. Mich.).

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because the Court lacks jurisdiction to consider it.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily

dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. To warrant a grant of a certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 474, 484 (2000).

Reasonable jurists could not conclude that this Court's dismissal of Petitioner's habeas corpus petition is debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:     October 26, 2017            /s/ Robert J. Jonker
                                                              Robert J. Jonker
                                                              Chief United States District Judge